Submitted on record and briefs April 21, affirmed June 28, 1995

# REYNALDO RIOS,
*Petitioner,*

*v.*

# PSYCHIATRIC SECURITY REVIEW BOARD,
*Respondent.*

## (84-672; CA A82088)

898 P2d 799

Theodore R. Kulongoski, Attorney General, Virginia L. Linder, Solicitor General, and Harrison Latto, Assistant Attorney General, filed the brief for respondent.

Before Warren, Presiding Judge, and Edmonds and Armstrong, Judges.

EDMONDS, J.

### EDMONDS, J.

Petitioner seeks review of the order of the Psychiatric Security Review Board (PSRB) denying his request for conditional release, and ordering his continued commitment. ORS 161.346(1). We affirm.

In 1984, petitioner was found guilty, except for insanity, of rape in the first degree, sodomy in the first degree, burglary in the first degree, kidnapping in the first degree, and criminal mischief in the first degree, and was placed under the jurisdiction of PSRB, and committed to the Oregon State Hospital. The trial court specifically found in the judgment that petitioner suffered from atypical psychosis. In the initial evaluation following his commitment, petitioner's treating doctor at the Oregon State Hospital diagnosed petitioner's condition as "pedophilia, alcohol abuse, episodic, mixed substance abuse, episodic, and antisocial personality." That doctor did not diagnose atypical psychosis.

Petitioner's diagnosis has remained the same since his commitment.[1] While at the hospital, the record indicates that he has acted sexually inappropriately with other patients, and has been sexually predatory toward some of the more vulnerable patients. The record also indicates that he has both denied and admitted his sexual disorder. For example, petitioner has stated that he molested two other girls besides the victim in this case. At other times, he denies that these events occurred, and denies that he sexually assaulted the victim. In a 1991 "progress note update," petitioner's treating doctor stated:

"[Petitioner] states he wants breast augmentation and that this would somehow ease the pain of having been molested as a youngster. He says he molested his victim because he was molested himself and he wants a sex change because he never wants to hurt anyone sexually again and feels that the sex change would prevent this. At one time, he said he had been trying to get treatment for his sexual problem since his admission in 1984 and wanted this now. At another time, he

---

[1] Petitioner has repeatedly sought judicial review of PSRB's decisions to continue his commitment, which we have affirmed. *See Rios v. PSRB*, 115 Or App 433, 838 P2d 1118 (1992), *rev den* 317 Or 163 (1993); *Rios v. PSRB*, 94 Or App 565, 767 P2d 119 (1988), *rev den* 307 Or 514 (1989); *Rios v. PSRB*, 75 Or App 579, 707 P2d 643 (1985).

said he didn't need such treatment, since he knows he won't reoffend. He appeared to fail to see the discrepancy between these statements."

To date, petitioner has refused to participate in any treatment programs for his disorders.

In 1993, petitioner requested a hearing before PSRB, pursuant to ORS 161.341(4), seeking conditional release. Before the hearing, petitioner's current treating doctor, Dr. Meyer, diagnosed petitioner's condition as pedophilia, history of alcohol abuse, history of alcohol dependence, polysubstance abuse, and personality disorder with antisocial and paranoid features. Meyer reported:

> "[Petitioner] continues to deny any of his problems. He becomes quite angry and takes a victim stance with a great deal of paranoia when confronted about various issues. He does not wish to participate in any treatment program, but merely to be let out of the hospital. Because he has had no successful treatment for his pedophilia and his substance abuse as well as the fact that he continues to show sexually provocative and predatory behaviors from time to time on the ward, [petitioner] most likely still presents a potential danger to the public and with a significant likelihood of recurrence of his problems. We are not recommending any release planning at this time. We would encourage [petitioner] to participate further in treatment. He could possibly benefit from low-dose antipsychotic medication as well as further treatment for his paranoia, sexual problems and drug and alcohol problems."

At the hearing, Meyer reiterated that he believed petitioner to be suffering from the above disorders. However, on cross-examination, Meyer opined that he did not believe that petitioner presently suffers from a mental disease or defect under Oregon law.[2] Nevertheless, Meyer testified that he did not recommend petitioner's release. PSRB also had before it reports from other physicians confirming Meyer's diagnosis.

---

[2]

"[Q by petitioner's counsel]: Okay. So again, as I understand your previous testimony, then, you don't see him as suffering from a mental disease or defect under Oregon law, and that as such and given what you observed, prison would be the best place for him.

"[A]: Yes."

After the hearing, PSRB found:

"2. [Petitioner] is affected by a mental disease or defect as demonstrated by the underlying facts shown by the evidence including the expert testimony of John Meyer, M.D., at the hearing to the effect that [petitioner] suffers from a diagnosis of pedophilia; history of alcohol abuse; history of alcohol dependence; and polysubstance abuse as well as personality disorder with antisocial and paranoid features."

Petitioner contends that PSRB's finding is erroneous because it is not supported by substantial evidence and because as a matter of law, "the illnesses cited by the Board are excluded from ORS 161.295(2) * * *." We first address the second assignment of error.

Petitioner argues:

"Although 'mental disease or defect' is not specifically defined by statute, the Legislature did provide some exclusions. ORS 161.295(2) states:

" 'As used in Chapter 743, Oregon Laws 1971, the terms "mental disease or defect" do not include an abnormality manifested only by repeated criminal or otherwise antisocial conduct, nor do they include any abnormality constituting solely a personality disorder.'

"As a result of the exclusions noted above, it appears that willful misconduct should not be included within the definition of 'mental disease or defect.'

"* * * * *

"Based upon * * * ORS 161.295(2), it appears that the Legislature intended that persons engaged in voluntary, willful misconduct, without other underlying psychiatric disorders, should be held responsible for their criminal acts.

"* * * * *

"In his * * * testimony before the PSRB, Dr. Meyer agreed that Petitioner's 'pedophilia' and substance abuse diagnoses constituted conditions which are exempted from the definition of 'mental disease or defect.' "

Petitioner then points to Meyer's testimony at the hearing in which Meyer said that if petitioner were to act out in a sexually inappropriate manner in the future, he would do so of his own free will.

■　　　We understand petitioner's argument to be that pedophilia and substance abuse and dependence are mental disorders that manifest themselves solely through criminal or antisocial conduct, and therefore, are excluded under ORS 161.295(2).[3] In *Osborn v. PSRB*, 135 Or App 94, 898 P2d 789 (1995), we held that under the diagnostic criteria established by the American Psychiatric Association, Diagnostic and Statistical Manual of Mental Disorders (3d ed 1987) (DSM-III-R), pedophilia is a mental disease that manifests itself in ways other than criminal or antisocial conduct. Thus, we held that pedophilia, as defined by DSM-III-R, is not precluded from being a mental disease under ORS 161.295(2). Because one of petitioner's disorders constitutes a mental disease, we need not consider whether his other disorders also constitute mental diseases for purposes of PSRB jurisdiction.

■■　　Petitioner also contends that there is not substantial evidence to support PSRB's finding of a "mental disease or defect," because he no longer suffers from the same mental disease or defect which originally caused his commitment, and because Meyer's testimony indicated that petitioner was not suffering from a mental disease or defect.[4] We held in *Osborn* that PSRB's jurisdiction may continue even though the committed person suffers from a mental disease or defect other than the one that originally caused his or her commitment. Furthermore, regardless of the "legal" opinion by Meyer that he "didn't see [petitioner] suffering from a mental disease or defect under Oregon Law," there is testimony and other evidence that petitioner suffers from pedophilia as diagnosed under DSM-III-R. In light of that fact, there is substantial evidence in the record that petitioner presently suffers from a "mental disease or defect."

　　　　Affirmed.

---

[3] ORS 161.295(2) provides:

　　　"As used in chapter 743, Oregon Laws 1971, the terms 'mental disease or defect' do not include an abnormality manifested only by repeated criminal or otherwise antisocial conduct, nor do they include any abnormality constituting solely a personality disorder."

[4] Petitioner does not argue that DSM-III-R's diagnostic criteria were not met.